[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Clark has sued the Town of Greenwich, its First Selectman, Police Commissioner, Police Chief, two police officers, the Greenwich Library, The Friends of Greenwich Library, owners of the Library premises, and seven library employees over an incident on December 26, 1997 after which the plaintiff was arrested and charged with the offense of Creating a Public Disturbance, an infraction. That charge was dismissed in July 1998. The court has been presented with two motions for summary judgment seeking to dismiss the complaint against the Library, The Friends of Greenwich Library and seven library employees. CT Page 15480 These motions will be discussed in more detail below.
As to the moving defendants (hereinafter referred to collectively as the Library Defendants), the complaint makes the following allegations: On December 26, 1997, each of the Library Defendants caused a complaint to be made to the Greenwich Police Department about Clark; that each Library Defendant told the police that Clark was causing a disturbance; that each knew the complaint was groundless and that the complaint was made in reckless disregard to Clark's rights and with the intention of causing the arrest of Clark and his humiliation. The complaint alleges the following causes of action: false imprisonment, malicious prosecution, and violation of 42 U.S.C. § 1983. In addition, the Greenwich Library is sued for violation of Gen. Stat. § 52-557n, § 7-465 and § 7-101a.
 Summary Judgment
Summary judgment may be rendered where there is no genuine issue as to any fact material to the case, and the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. In deciding such a motion, the court must view the facts in the light most favorable to the non-moving party. Appleton v. Board of Education, 254 Conn. 205
(2000). A fact material to the case is one which will make a difference in the case outcome. Union Oil Co. v. Urban Development Commission,158 Conn. 364 (1969). It is not the court's function in deciding a summary judgment motion to determine fact issues, but only to determine whether there are issues of fact. Nolan v. Borkowski, 206 Conn. 495
(1988). The summary judgment procedure is designed to eliminate the delay and expense associated with the litigation of facts and issues about which there can be no real dispute. Wilson v. New Haven, 213 Conn. 277
(1989).
 Motion No. 116
The Greenwich Library, The Friends of Greenwich Library and library employees Theresa Wilson, Marianne Weill, Mary Curico and David Waring moved for summary judgment. In support of the motion, or parts thereof, affidavits of Wilson, Weill, Curico and Waring were submitted along with a memorandum of law. Clark filed an opposing memorandum and affidavit. Both memoranda focus on the requisite elements of the alleged causes of action: malicious prosecution, false imprisonment and 42 U.S.C. § 1983
(deprivation of civil rights).
Without getting into extraordinary detail, the alleged torts of malicious prosecution and false imprisonment contain both an objective and a subjective element. For the former, the elements include an CT Page 15481 initiation and procuring of the institution of criminal prosecution and that the defendant acted with malice for a purpose other than bringing an offender to justice. For the latter, there must be unconsented to and unlawful or unprivileged confinement, and the defendant must act recklessly or intentionally. A violation of 42 U.S.C. § 1983 requiresinter alia a "person" to be "acting under color" of state law.
In his affidavit defendant David Warring states that he was at the library on December 26, 1997; that he heard from others that Clark was at the library and that the police had been called. He did not speak to the police about the incident or with any other employee about what should be reported to the police.
The affidavit of Theresa Wilson states she was at the library on December 26, 1997 as a receptionist, was involved in an incident with Clark and spoke to the police thereafter saying Clark had lost his temper. Defendant Marianne Weill's affidavit states that she was the senior administrator at the library on December 26, 1997, that she spoke to Ms. Wilson, called the police and reported that "someone" had threatened the library receptionist. Defendant Curico's affidavit states that she witnessed and reported to the police that Clark was abusive toward Ms. Wilson.
In opposition to the motion, Clark submitted an affidavit denying that he was abusive to anyone, denying the creation of a disturbance and further stating that he was attempting to deliver a letter to Elizabeth Mainiero, another library employee. Clark also filed a motion in July, 2001 pursuant to Practice Book § 17-47 requesting a denial of the summary judgment motions or in the alternative a continuance of ninety days to investigate and take discovery regarding the facts alleged in the individual defendants' affidavits. This motion is moot at this point since over ninety days passed before these motions were heard on October 29, 2001.
The court makes the following rulings with respect to Motion 116.00. Summary judgment is granted in favor of David Waring with respect to the First and Second Counts. Waring's affidavit that he had no role in calling, or ma king any report to the police is uncontroverted. Since there is no evidence to the contrary, and therefore no material issue in dispute, about the fact that Warring did not participate in calling or informing the police about Clark on December 26, 1997, the objective element of the malicious prosecution or false imprisonment torts are not present.
Summary judgment on the First and Second Counts with respect to the remaining individual defendants, Wilson, Curcio and Weill is denied. The CT Page 15482 court finds that there is a material fact at issue as to the subjective matter of their intent in their statements to the police and, in Weill's case, calling the police. For the same reason, summary judgment for the Library on these counts is also denied.
As to the Third Count alleging violation of 42 U.S.C. § 1983
summary judgment is granted to David Waring on the same basis as it is with respect to the First and Second Counts, i.e. Waring had no role in any of the activities at issue. Summary judgment on the Third count is denied as to the remaining moving defendants (except the Friends of Greenwich Library) on the basis of the present inadequate record before the court. While vicarious liability does not often apply in § 1983 actions, the facts bearing on the status of the Library, its relationship with the Town and the employee status of those who work at the Library is very unclear.
As to the Friends of Greenwich Library, summary judgment is granted dismissing the complaint in its entirety. There is no genuine issue as to any material fact regarding Friend's lack of any role in the controversy. It does not employ the individual defendants and no facts have been adduced to show that its policies, procedures or activities played any part in the events of December 26, 1997.
The parties did not brief or submit any factual affidavits with respect to the Tenth, Eleventh or Twelfth Counts against the Greenwich Library. The motion for summary judgment as to these counts is denied.
 Motion 118.00
Three individual defendants, Inga Boudreau, Susan Ferris, and Elizabeth Mainiero have moved for summary judgment dismissing all counts of the complaint against them. Each of the three individual defendants have submitted an affidavit stating that they were not present at the library at the time of the incident involving Clark and did not make any report, statement or complaint to the police about it.[1]
Clark has submitted an affidavit to the same effect as his affidavit described above in the discussion of motion 116.00. The affidavit makes no reference to Boudreau or Ferris and states that he was attempting to deliver a letter to Mainiero's secretary.
The court concludes that there is no material issue as to the fact that neither Boudreau, Ferris or Mainiero played any role in the detention or arrest of Clark. Therefore, summary judgment is granted and the complaint is dismissed as to them. CT Page 15483
ADAMS, J.